Argued January 12, reversed with instructions April 19, 1973

## HOLVEY ET UX, *Respondents, v.* STEWART, *Appellant.*
509 P2d 17

*David F. Lentz,* Eugene, argued the cause for appellant. With him on the briefs was Alan R. Mitchell, Eugene.

*Gary J. Susak,* La Grande, argued the cause for respondents. With him on the brief were Carey & Gooding, La Grande.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, HOLMAN, TONGUE and BRYSON, Justices.

DENECKE, J.

This appeal concerns what defendant has labeled his "cross-complaint." In this pleading defendant alleged he was plaintiffs' partner in the construction and sale of certain apartments. Defendant asked that an accounting be made by plaintiffs; that the partnership be dissolved; and that he receive one-half of the partnership assets and his contribution. The trial court held the partnership was limited to one 8-unit apartment, ordered plaintiffs to account for that operation, and ordered that the partnership be dissolved.

The defendant appeals contending the partnership encompasses other properties.

One of the plaintiffs, Mr. Holvey, was a builder in La Grande, Oregon. Mrs. Holvey, his wife, is the other plaintiff. Defendant is a general insurance broker in Eugene. During 1968 the parties negotiated toward some agreement whereby Stewart would supply financing for Mr. Holvey's building projects. In May 1968 they executed, as partners, a "Loan Brokerage Agreement" with a firm which was to secure financing for them. Nothing came of this.

The parties executed an informal agreement, dated December 1, 1968, which appears to state that Stewart was to pay $1,500 "now" and another $1,500 in 60 days and Stewart would thereby acquire "50% of all units in La Grande." Stewart gave Holvey $1,500 at this time and another $1,000 in February. Shortly thereafter Holvey purchased the land for a 17-unit apartment and commenced construction.

A certificate of Limited Partnership of Bob Holvey Construction, Oregon, Ltd. was filed November 10, 1969, with the state. The certificate is executed by the parties to this litigation and bears the date August 4, 1969. It states the term of the partnership is 10 years commencing March 31, 1969. The purpose of the partnership is the construction, operation and sale of rental properties. It recites that Stewart has paid $3,000 and is to pay another $5,750 which is to be paid from partnership profits. In October 1969 a form of partnership agreement was tendered by Stewart to the Holveys for execution but it was never signed.

In August and September 1969 Stewart paid another $6,300 to the Holveys, making a total of $8,800. The 17-unit apartment was completed at about this time. Also, some property on which an 8-unit apart-

ment was to be erected was purchased at this time by the Holveys with their personal funds.

In October 1969 Bomar Construction, a corporation, was formed for plaintiffs. Bomar commenced building the 8-unit apartment. Expected financing did not materialize, and, therefore, Stewart, the Holveys and Bomar entered into agreements reciting that Stewart had deposited $20,000 as security with the lender and in consideration the lender would loan another $20,000 to Bomar to construct the 8-unit apartment. For such financing the agreement recited that Stewart was to receive a one-half interest in the apartment. That building was completed and title to the property was in Bomar.

At some time subsequent, a 4-unit apartment was built by the Holveys. All three of the apartments mentioned here have been sold. No accounting has been made to Stewart for the proceeds of any of the sales. Stewart has been repaid all of the collateral he deposited with the lender except for $1,000 and the decree in this case provides that he is to be paid this balance. Plaintiffs claim a loss in the construction and sale of the 8-unit apartment consumed Stewart's $8,800 contribution.

Plaintiffs admit that the $8,800 paid by Stewart was put in plaintiffs' personal bank account. Plaintiffs also paid construction costs for all units out of this same personal account. Mrs. Holvey kept the books on all the ventures. They were not introduced into evidence. Plaintiffs admit no account was set up to show any contribution or payments by defendant.

■■ Plaintiffs contend that defendant pleaded a limited partnership and did not prove one because the certificate was not properly acknowledged. As we

stated in *Davis v. Davis,* 247 Or 352, 356-357, 429 P2d 808 (1967), the purpose of a certificate of limited partnership is to give parties notice of the limited liability of the limited partner. No third parties are involved in this case. The certificate is competent evidence of the parties' intention to act as partners.

■ This is a suit in equity and the "cross-complaint" is in equity; therefore, we try the facts de novo. We give the trial court's findings weight but they are not binding upon us.

The trial court found the only partnership was between Bomar, the corporation owned by plaintiffs, and the defendant and only encompassed the 8-unit apartment. We cannot agree with such finding.

■ Commencing in 1968 the parties intended to form some kind of partnership as evidenced by written documents. They did execute an agreement in December 1968 stating Stewart was to acquire a 50% interest in all units in La Grande. Pursuant to this intention Stewart started to contribute money in December 1968 which went into plaintiffs' account from which construction costs were paid, including costs on the 17- and 4-unit apartments. The 8-unit apartment was not commenced and Bomar was not formed until at least one month after Stewart had made the last of his contributions.

The agreements between Bomar, the Holveys and Stewart, apparently drawn by Holvey's counsel, covering the construction of the 8-unit apartment, state, in effect, that in consideration for Stewart advancing collateral to the lending institution, he shall receive one-half interest in the 8-unit apartment. No mention is made that Stewart's prior payments, the $8,800 total, were part of this transaction.

We find that Stewart and the Holveys were partners in the construction and sale of the 17- and 4-unit apartments. This is in addition to the interest Stewart had in the 8-unit apartment. Plaintiffs shall make an accounting of such partnership operations and thereafter the partnership shall be dissolved and the assets distributed. The trial court shall enter a decree accordingly.

Reversed.