### 54179. FRANKLIN et al. v. RIGG.

ARGUED JULY 6, 1977 — DECIDED JULY 12, 1977 — REHEARING DENIED JULY 27, 1977 —

*Horton & Ransom, Carl T. Horton,* for appellants.
*McClain, Mellen, Bowling & Hickman, Arthur Gregory, Thomas W. Thrash,* for appellee.

DEEN, Presiding Judge.

Code § 75-403 states in part: "(1) Two or more persons desiring to form a limited partnership shall: (a) Sign and swear to a certificate [contents stated]. (b) File for record the certificate in the office of the clerk of the superior court of the county in which the principal place of business of the partnership shall be situated," etc. This section is a part of the Uniform Limited Partnership Act, and is admittedly vague as to the time when the existence of the partnership commences. In fact, § 201 (b) of the model has been redrafted in the proposed new Limited Partnership Act of 1976 to read: "A limited partnership is formed at the time of the filing of the certificate of limited partnership in the office of the Secretary of State," etc. and is accompanied by the commission comment that the purpose of the change is "to clearly delineate the time at which persons become general partners and limited partners."

In the absence of such language the courts must construe each case according to its own circumstances. The Uniform Limited Partnership Act as adopted in Georgia is obviously intended as remedial legislation, one of its main purposes being to ensure that, where there has been substantial compliance with the law, limited partners do not find themselves exposed to the liability of a general partnership because of a mere technicality. Lewis, Limited Partnerships, 71 U. Pa. L. R. p. 150. Code § 75-403 (2) states specifically that a limited partnership is formed if there has been substantial compliance in good faith with the requirements of paragraph (1). Cases in

other jurisdictions, none of them exactly similar to the facts here, have held or stated that the late filing of the certificate will not ipso facto enlarge the liability of the limited partners. See Holvey v. Stewart, 509 P2d 17 (where, however, no third parties were involved); Tiburon National Bank v. Wagner, 265 Cal. App. 2d 868 (71 Cal. Rptr. 832) (dicta); Stowe v. Merrilees, 6 Cal. App. 2d 217, 221 (44 P2d 368) (certificates should be filed within a reasonable time); Solomont v. Polk Dev. Co., 245 Cal. App. 2d 488 (54 Cal. Rptr. 22) (dicta); Giles v. Vette, 263 U. S. 553 (44 SC 157, 68 LE 441) (certificate filed before firm actually commenced business). On the other hand, as in Tiburon National Bank v. Wagner, supra, and Arrow Petroleum Co. v. Ames, 128 Ind. App. 10 (142 NE2d 479), where the certificate is not filed at all, or at least not until after suit is filed, the partnership is to be considered as general, not limited.

Limited partners are not liable to creditors. Code § 75-408. One erroneously believing himself a limited partner will not be held to be a general partner if he promptly renounces his interest in the business profits. Code § 75-412. This latter section indicates the general tenor of the Act, which is remedial and drawn with the purpose of protecting investors where there is a substantial compliance on their part.

It is obvious in the present case that the plaintiff was in no way harmed by the late filing of the certificate. He dealt initially with a corporation which became a general partner of the purchaser, and with its president who was the other general partner. It originally sued on the debt naming only these two defendants. Only after almost two years had passed from the alleged default, and the filing of the certificate, did it raise the issue of a limited partnership vel non. During that time the appellants had renounced their (nonexistent) profits, and the appellee had obtained a judgment against the general partners. We therefore apply to Code § 75-403 the rule that where a specific time is not fixed an act is sufficient which is done within a reasonable time. The certificate here was filed slightly over four months after the initial sale and almost two years prior to this suit. The plaintiff was in no way harmed by the delay. Under the circumstances we hold

that the defendants did not lose their status as limited partners.

*Judgment reversed. Webb and Marshall, JJ., concur.*